FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2013 OCT -3  P 2: 22

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |  |
|---|---|---|
| ASPETTO, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GILT GROUPE, INC. | ) | |
| 2 Park Avenue, 4th Floor | ) | |
| New York, New York 10016 | ) | |
| | ) | |
| SERVE: | ) | Case No. 1:13cv1226-LO/TRJ |
| Corporation Service Company | ) | |
| 2711 Centerville Rd. Ste 400 | ) | |
| Wilmington, DE 19808 | ) | |
| | ) | |
| COMPONENTS BY JOHN MCCOY | ) | |
| 20 W 55th Street | ) | |
| New York, NY 10019 | ) | |
| | ) | |
| SERVE: | ) | |
| John McCoy | ) | |
| 918 Hudson Street | ) | |
| Hoboken, NJ 07030 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff, ASPETTO, INC., ("Aspetto") by counsel, and moves for judgment jointly against the Defendants, GILT GROUPE, INC. ("Gilt") and COMPONENTS BY JOHN MCCOY ("Components") on the grounds and in the amount as hereinafter set forth.

### PARTIES AND JURISDICTION

1.     Plaintiff Aspetto, Inc. is, and was at all times mentioned herein, a business organized in Fairfax County, Virginia under the laws of the Commonwealth of Virginia.

2.      Defendant Gilt Groupe, Inc., is and was at all times herein mentioned, organized under the laws of Delaware with a principal place of business a 2 Park Avenue, 4th Floor, New York, New York 10016.   It conducts business in the Commonwealth of Virginia by marketing and selling its products online to Virginia resident customers.

3.      Defendant Components by John McCoy, is and was at all times herein mentioned, organized under the laws of New Jersey with a principal place of business at 20 W 55th Street, New York, New York, 10019.   It conducts business in the Commonwealth of Virginia by placing its products into the stream of commerce reasonably expected to reach Virginia.

4.      This is an action for trademark counterfeiting arising under 15 U.S.C. § 1114.   This Court has original subject matter jurisdiction of the action pursuant to 28 U.S.C. §§ 133, 1332 and 1338; 15 U.S.C. §§ 1116 and 1121.   This Court has jurisdiction over Aspetto's state law claims under 28 U.S.C. § 1367, as plaintiff's state law claims share a "common nucleus of operative fact" with its federal law claims.

5.      The defendants are subject to this Court's specific and general personal jurisdiction pursuant to Va. Code 8.01-328.1 as the defendants' conduct substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing business and sales, and/or deriving substantial revenue from goods provided to individuals in Virginia and in this district.

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391.   Upon information and belief, defendants have transacted business in this district.

<u>FACTUAL BACKGROUND:</u>

2

**Background of Aspetto:**

7.    Aspetto is a manufacturer and supplier of high-end menswear that was started by Abbas Haider ("Mr. Haider").

8.    In 2008, Mr. Haider began to develop a new business and contemplated various formal wear brand names.  The main focus of the new business was for customers to look and feel their best in a product which coincided with Mr. Haider's admiration of Italian fashion.  Many weeks of research led to the selection of the name Aspetto, a perfect fit with the company's vision.

9.    On December 22, 2008, Mr. Haider filed the word mark "Aspetto" with the United States Patent and Trademark Office. Serial Number 77638147.

10.   Utilizing his overseas contacts Mr. Haider was able to obtain the materials necessary to produce high quality, but low cost menswear under the Aspetto name.  The first Aspetto labels were printed in early 2009 and attached to even the earliest suits produced by Aspetto.

11.   In 2009, Mr. Haider worked to market Aspetto especially in the Washington D.C. and New York City markets.  Aspetto developed partnerships and investment relationships with other businesses.  After thousands of hours of work, the new business and brand began to gain a following.

12.   Despite the economic downturn and its own unstable relationships with overseas manufacturers, Aspetto continued to grow as a business in 2010 and 2011 by offering low cost, high quality custom tailored suits.  Mr. Haider personally met with each customer even as product demand increased to ensure the highest quality service.

3

13.   Aspetto gained a reputation for its low cost but high quality products and outstanding personal customer service selling to customers including high level private sector executives, sports athletes, elected officials, and even the local Sheriff's office.

14.   The Aspetto Brand was featured in news publications including the Washington Post, the Free Lance-Star, and the Fairfax Times. This attention furthered the growth of the brand and business.

15.   As a result of the increasing value and success of the business and in need of more space, Aspetto opened its own manufacturing facility in Spotsylvania County, Virginia in 2012.

16.   Aspetto was praised on top fashion publications around the country and garnered over 9,000 fans of its Facebook page. As a result, in 2012, Aspetto developed a revamped website, allowing it to attract and sell to customers from all over the country and overseas.

17.   In June 2013, Aspetto opened its first storefront in Fredericksburg, Virginia.

### The "Aspetto" Mark:

18.   The first filing of the "Aspetto" mark with the United States Patent and Trademark Office occurred on December 22, 2008, under Serial Number 77638147.

19.   This mark was abandoned on June 27, 2011.

20.   In 2012, Aspetto became aware that the mark, while still being used in commerce by Aspetto had been abandoned. Subsequently, Aspetto filed to reconstitute the mark on September 21, 2012.

21.   The mark was published for opposition. When no opposition was stated, the United States Patent and Trademark Office granted registration of the mark on June 25, 2013. The mark was registered under registration number 4357099 as a standard character mark.

4

**Defendants Produce, Market, & Sell Counterfeit Aspetto Products:**

22.    In 2010, upon information and belief, Defendant Gilt contracted Defendant Components
       to produce a high-end line of menswear called "Aspetto."

23.    Components manufactured a series of menswear products bearing the name "Aspetto" and
       shipped them to Gilt in early 2011.

24.    Notably this occurred before Aspetto's original mark was abandoned.

25.    Gilt subsequently marketed and sold the counterfeit "Aspetto" products on its "flash-sale"
       website and mobile application in both the United States and abroad.   These products
       included suits, blazers, and dress shirts, all of which were advertised as "Aspetto."

26.    When advertising the counterfeit Aspetto products on its website, Gilt marketed the fake
       Aspetto products using the tags "up and coming Virginia designer" and "Virginia-based
       brand."   More pertinently, Gilt marketed the products under the Aspetto brand, describing
       the Aspetto "Backstory" by noting that "Aspetto honcho Abbas Haider got his start in
       menswear at age 16, and launched his company…in 2008."

27.    The statements incorrectly and willfully attributed the counterfeit products to the Aspetto
       brand and Mr. Haider.

**Aspetto Learns of Defendants' Counterfeiting & Infringement:**

28.    Aspetto began to be contacted by customers of Gilt regarding the maintenance of the
       products, desire to buy replacements, and complaints in late 2012.

29.    After a series of customers noted that they had purchased "Aspetto" products and suits
       online from Gilt, Aspetto began an investigation.

30.   In early 2013, Aspetto discovered that Gilt was marketing a line of products to include suits, blazers, and dress shirts under the name "Aspetto." Aspetto's investigation found a long history of products available for sale on Gilt under the brand name "Aspetto" and featuring stories about Aspetto and Mr. Haider.

31.   Aspetto was contacted by an increasing number of additional customers whom had purchased counterfeit Aspetto products on Gilt's website. These customers were confused to learn that the products marketed by Gilt were not actually made by Aspetto.

32.   As a part of Aspetto's investigation, Mr. Haider communicated with a Gilt customer service representative named Sherry about "flash-sale" counterfeit "Aspetto" suits offered on Gilt's website. When Mr. Haider inquired as to addition information on the brand, the agent of Gilt directed him to his own company, Aspetto's, website www.shopaspetto.com.

33.   Defendants manufacturing, marketing, and sale of the "fake" Aspetto products constitutes Trademark Counterfeiting. In repeatedly referring customers to Aspetto's website as well as referring to Mr. Haider in its marketing, Gilt was falsely designating the origin of the counterfeit products. Gilt's sale of these products also constitutes trademark infringement.

34.   The actions of the defendants have caused confusion in the marketplace, evidenced by countless examples of customers believing the products on Gilt to be legitimate Aspetto products.

35.   The counterfeit "Aspetto" products marketed and sold by Gilt were sold at a fraction of the cost of authentic Aspetto menswear, undercutting Aspetto's ability to market and sell its goods and limiting the success of its marketing campaigns including a series of offerings on the website Groupon.com.

6

**Aspetto Alerts Defendants to the Infringement**

36.     In June, 2013 Aspetto retained current the undersigned counsel to investigate this matter further.

37.     On July 16, 2013 undersigned counsel sent a cease and desist letter to defendant Gilt alerting them that "it has come to our [Aspetto's] attention that Gilt.com is marketing and distributing counterfeit suits and other menswear utilizing the Aspetto mark in violation of one or more registered trademarks owned by Aspetto." A copy of that letter is attached as Exhibit A.

38.     In response, Gilt through its counsel Meryl Bernstein represented to undersigned counsel that Gilt would abide by the cease and desist and would no longer sell the counterfeit "Aspetto" products.   Aspetto also learned at this time that the manufacturer of the counterfeit products was defendant Components by John McCoy.

39.     On July 26, 2013 undersigned counsel sent a cease and desist letter to defendant Components alerting them that "it has come to our [Aspetto's] attention that you have provided Gilt.com counterfeit suits and other menswear utilizing the Aspetto mark in violation of one or more registered trademarks owned by Aspetto. Attached as Exhibit B, find a copy of that letter.

40.     Also on July 26, 2013 Gilt by Attorney Bernstein sent undersigned counsel electronic mail confirming that "Gilt has ceased all use of the ASPETTO mark and will not engage in any future marketing or sales under the ASPETTO name." A copy of this e-mail is attached as Exhibit C.

**Gilt Continues to Market and Sell Aspetto Products**

7

41.    Contrary to its representations, Gilt willfully continued to market and sell Aspetto products after acknowledging notice of the cease and desist demand.

42.    On July 29, 2013 the Vice President of Aspetto, Robert Davis ("Mr. Davis"), successfully purchased a counterfeit "Aspetto" dress shirt from Gilt.  At the time of his shirt purchase, a customer relations agent of Gilt named Stevie confirmed to Mr. Davis over the telephone that the product was "Aspetto" and noted that the website for the brand of the dress shirt he purchased was "www.shopaspetto.com."

43.    On July 31, 2013 Mr. Davis successfully purchased a counterfeit "Aspetto" blazer from Gilt.

44.    Neither the "Aspetto" shirt or blazer was an actual product of Aspetto, nor did Gilt have Aspetto's permission to use Aspetto's mark in the marketing or sale of the products.

45.    Both the counterfeit "Aspetto" shirt and blazer were delivered to Mr. Davis in Virginia.

46.    In referring once again to Aspetto's website, Gilt falsely designated the origin of the counterfeit products.  Gilt's sale of these counterfeit products after actual notice and acknowledgment of the Aspetto trademark constitutes willful infringement.

## COUNT I –
### Trademark Counterfeiting
### Under Federal Law - 15 U.S.C. 1127
### (Against All Defendants)

47.    The allegations set forth in paragraphs 1-51 are incorporated herein by reference as if each were set forth in its entirety.

48.    The Aspetto trademark is a federally registered trademark which is protected by Sections 32 and 42 of the Lanham Act.

8

49.   Defendants' sale of products bearing a substantially indistinguishable "Aspetto" mark was done with the deliberate intent to mislead consumers into believing that the products had been created by Aspetto.

50.   Defendants' products bearing a substantially indistinguishable "Aspetto" mark are counterfeit under 15 U.S.C. § 1127.

51.   Defendants' sale of "counterfeit" products bearing Aspetto' s mark and claiming to be Aspetto products constitutes a misappropriation of Aspetto' s work, goodwill and efforts to promote itself.

52.   Numerous customers, potential customers and others with whom Aspetto conducts business have stated that they were actually confused into believing that the counterfeit products sold by Defendants were in-fact Aspetto products.

53.   Use of the "Aspetto" mark by defendants in connection with goods that are similar to those of Aspetto at a minimum caused confusion misleading consumers into believing that there is a connection or affiliation between Defendants and Aspetto that does not exist.

54.   Aspetto has invested significant time and effort in establishing goodwill and value in its unique and recognizable name, "Aspetto," since 2008. Aspetto invested considerable time, energy and money into generating good will in its trade name among consumers.

55.   Use of the name "Aspetto" by defendants was intended to enable them to benefit from the hard-earned goodwill in Aspetto's name.

56.   By selling, offering for sale, distributing, or advertising any counterfeit Aspetto products in the marketplace, defendants have harmed Aspetto.

57.     Defendants' production and sale of counterfeit Aspetto goods entitles Aspetto to statutory

        damages under 15 U.S.C. § 1117(b) and (c).

## COUNT II –
### TRADEMARK INFRINGEMENT,
### Under Federal Law - 15 U.S.C. 1114
### (Against All Defendants)

58.     Aspetto re-alleges the allegations contained in each of the paragraphs above.

59.     This is a claim for infringement of Aspetto's federally registered trademark of the

        standard character mark, "Aspetto."

60.     Defendants' have, without the consent of Aspetto and in violation of Section 32 of the

        Lanham Act, § 15 U.S.C. 1114, used in commerce a reproduction, counterfeit, copy, or

        colorable imitation of U.S. Trademark Reg. No. 4357099 in connection with the sale,

        offering for false, distribution, or advertising of the Defendants products in a manner

        likely to cause confusion, or to cause mistake, or to deceive

61.     Defendants' conduct has caused confusion, mistake, or deception as to the source or origin

        of Defendants' products or has caused confusion as to the affiliation, sponsorship, or other

        relationship between the parties in violation of 15 U.S.C. § 1114(1).

62.     Defendants' conduct also constitutes an attempt to trade on the goodwill that Aspetto has

        developed in its mark, all to the damage of Aspetto.

63.     By their conduct, Defendants have cause Aspetto irreparable harm, damage, and injury

        including but not limited to the damage to the goodwill associated with its trademark,

        Defendant's unjustly eared profits from the sale of infringing products, and Aspetto's

        costs of this action; and will continue to do so unless restrained and enjoined by the Court

        from further infringing the Aspetto mark.

64.     Aspetto has no adequate remedy at law.

## COUNT III –
## TRADEMARK INFRINGEMENT
### Under Virginia Law – Virginia Trademark and Service Mark Act 59.1-92.1, *et seq.*
### (Against All Defendants)

65.     Aspetto re-alleges the allegations contained in each of the paragraphs above.

66.     Defendants' conduct has caused confusion, mistake, or deception as the source or origin

of Defendants' productions, or the affiliation, sponsorship, or relationship between the

parties, in violation of the Virginia Trademark and Service Mark Act under sections 59.1-

92.1, *et seq* of the Code of Virginia.

67.     Defendants' conduct was in an attempt to trade on the goodwill that Aspetto obtained in

their mark and to Aspetto's detriment.

68.     By their conduct, Defendants have caused Aspetto irreparable harm, damage, and injury

and will continue to do so unless retrained and enjoined by the Court from further use of

the Aspetto mark.

69.     Aspetto has no adequate remedy at law.

## COUNT IV –
## UNFAIR COMPETITION
### Under Federal Law - 15 U.S.C. 1125(a)
### (Against All Defendants)

70.     The allegations set forth above are incorporated herein by reference as if each were set

forth in its entirety.

71.     Defendants' actions constitute an unfair trade practice of unfair competition, arising from

the unlawful act of use of a false designation or origin which is likely to cause mistake, or

deception as to origin, sponsorship, or approval, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

72.   As a direct and proximate result of Defendants unfair competition, Aspetto has suffered harm and damages to its professional reputation business in the form of: price erosion, damage to Aspetto's goodwill, lost sales, and Defendants' unjustly earned profits from the sale of infringing products.

## COUNT V –
## TRADEMARK DILUTION
### Under Federal Law - 15 U.S.C. 1125(c)
### (Against All Defendants)

73.   The allegations set forth above are incorporated herein by reference as if each were set forth in its entirety.

74.   Defendants' actions constitute a trademark dilution, arising from the unlawful act of using the "Aspetto" mark, causing dilution of the quality of the mark and brand, in violation of the Lanham Act, 15 U.S.C. § 1125(c).

75.   As a direct and proximate result of Defendants action, Aspetto has suffered harm and damages to its business in the form of: price erosion, damage to Aspetto's goodwill, lost sales, and Defendants' unjustly earned profits from the sale of infringing products.

## COUNT VI –
## UNFAIR COMPETITION
### Under Virginia Common Law
### (Against All Defendants)

76.   Aspetto re-alleges the allegations contained in each of the above paragraphs.

77. Defendants' conduct misappropriates Aspetto's valuable intellectual property rights and trades on the goodwill symbolized by the distinctive Aspetto mark and has thereby caused confusion or deception.

78. By their conduct, Defendants have engaged in unfair competition in violation of the common law of unfair competition of the state of Virginia.

79. By their conduct, Defendants have caused Aspetto harm, damage, and injury.

PRAYER FOR RELIEF:

WHEREFORE, the plaintiff, ASPETTO INC., prays that this Court:

1. Grant preliminary and permanent injunctive relief enjoining defendants and their principals, agents, servants, employees, successors, and assigns and all those in privity, concert of participation with them from:

   a. imitating, copying, duplicating or otherwise making ANY use of the Aspetto mark or any mark confusingly similar to the Aspetto mark;

   b. manufacturing, producing, distributing, circulating, selling, or otherwise disposing of any product which bears any copy or colorable imitation of the Aspetto mark;

   c. using any unauthorized copy or colorable imitation of the Aspetto mark in such fashion as is likely to cause further customer confusion;

   d. using any false designation of origin or false description which can or is likely to lead the trade or public or individual members thereof to believe mistakenly that any product advertised, promoted, offered, or sold by Defendants' is sponsored, endorsed, connect with, approved, or authorized by Aspetto;

   e. causing likelihood of confusion or injury to Aspetto's business reputation;

13

f.  engaging in any other activity constituting unfair competition or infringement of the Aspetto mark or Aspetto's rights in or to use, or to exploit the same; and

g.  assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in paragraphs (a) – (f) above.

2.  Find that Defendants liable for trademark counterfeiting in violation of federal law; and

3.  Find that Defendants have infringed the Aspetto Mark in violation of both federal and state law; and

4.  Find that Defendants have unfairly competed with Aspetto in violation of both federal and state common law; and

5.  Grant an order requiring Defendants and all those in privity or concert with them certify the destruction of all products bearing the Aspetto mark, and any mark confusingly similar to the Aspetto mark; and

6.  An award to Aspetto of monetary damages of their actual and compensatory damages as well as any profits derived by Defendant for its sale of infringing products in the amount to be determined at trial, including damages for all of the Defendants' profits or gains of any kind resulting from Defendants' counterfeiting and/or willful infringement and/or acts of unfair competition, any damages Aspetto suffered as a result of Defendants' actions to be trebled pursuant to 15 U.S.C. § 1117(b); and

7.  An award of appropriate punitive damages against Defendants;

8.  An award of statutory damages of two hundred thousand dollars ($200,000.00) as available under 15 U.S.C. § 1117(c), which amount shall be trebled under 15 U.S.C. § 1117(b),

14

due to the intentional and willful nature of the acts complained of herein; and

9.      An Order granting Aspetto pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendants; and

10.     An Order finding this to be an exceptional case and awarding Plaintiff recovery of their reasonable attorneys' fees and costs of this action due to the willful nature of Defendants acts complained of herein and pursuant to 15 U.S.C. § 1117(a); and

11.     An Order granting Aspetto any such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL:

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Aspetto demands trial by jury in this action of all issues so triable.

ASPETTO, INC.

By: _____
                Counsel

Stephen P. Pierce, Esq., VSB #84999
J. Chapman Petersen, Esq., VSB #37225
Nathan D. Baney, Esq., VSB # 75935
Jason F. Zellman, Esq., VSB #77499
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone 703-277-9763
Facsimile 703-591-9285
spierce@siplfirm.com
Counsel for Aspetto, Inc.